Aviva Francis, Esq.
Evan M. Newman, Esq.
JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for La Maison De JY L.P.*
377 Pearsall Avenue, Suite C
Cedarhurst, NY 11516

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

| | |
|---|---|
| In re: | Ch.11 |
| | Case No.: 1-23-40781 |
| 86-55 GRAND REALTY INC., | **NOTICE OF MOTION** |
| Debtor. | |

---------------------------------------------------------------X

    **PLEASE TAKE NOTICE**, that upon the annexed affirmation of Aviva Francis, with exhibits attached thereto, and upon the papers and proceedings herein, creditor *La Maison De JY L.P.* ("Movant" or "Lender") moves this Court before the Honorable Nancy Hershey Lord at the United States Bankruptcy Court, via Zoom Platform, and an interested party can obtain the information through eCourt Appearances (Attorneys with a CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF. Those without CM/ECF accounts may access the program on the website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl on August 8, 2023, at 11:30 a.m., or soon thereafter as counsel may be heard, for an order pursuant to (i) 11 U.S.C. § 362(d) annulling the automatic stay; or in the alternative (ii) to dismiss the case with prejudice for bad faith filing, and (iii) for such other relief the Court deems just and proper.

1

**PLEASE TAKE FURTHER NOTICE**, that objections to the Application and/or responsive papers, if any, must be in writing, must conform to the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of the United States Bankruptcy Court for the Eastern District of New York and must be filed on or before August 1, 2023 by 5:00 pm with the Clerk of the Bankruptcy Court (with a copy to Chambers), and served as so to be received by the attorneys of La Maison De JY L.P., Jacobowitz Newman Tversky LLP 377 Pearsall Avenue, Suite C, Cedarhurst, New York, 11516, Attention: Aviva Francis Esq., and the US Trustee's Office on or before August 1, 2023 by 5:00. Parties with legal representation shall file with the court: (a) (i) through the Bankruptcy Court's electronic filing system (in accordance with General Order M-182) which may be accessed through the internet at https://ecf.nyeb.uscourts.gov and (ii) in portable document format (PDF) using Adobe Exchange software for conversion, or (b) if a party is unable to file electronically, such party shall submit the response or objection in PDF format on a diskette in an envelope with the case name, case number and title of document: or (c) if a party is unable to file electronically or use PDF format, such party shall submit the response or objection on a diskette in either Word, Word Perfect, or DOS test (ASCII) format.

Dated: Cedarhurst, New York
       July 18, 2023

                                          **JACOBOWITZ NEWMAN TVERSKY LLP**
                                          *Attorneys for La Maison De JY L.P.*

                                          By:    /s/ Aviva Francis
                                                  Aviva Francis
                                          Evan M. Newman
                                          377 Pearsall Avenue, Suite C
                                          Cedarhurst, New York 11516
                                          (516) 545-0343

To:

86-55 Grand Realty Inc.
133-33 Sanford Avenue, #3G
Flushing, NY 11355

Nazar Khodorosvky (US Trustee)
U.S. Trustee
Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green, Room 510
New York, NY 10004-1408

William X Zou
Bill Zou & Associates PLLC
136-20 38th Avenue
Suite 10-D
Flushing, NY 11354

Bernadette M Brennan
Sylvia Hinds-Radix
Corporation Counsel of the City of New York
100 Church Street, Room 5-239
New York, NY 10007

John Lehr, P.C.
On behalf of Creditor All State 12 General Contracting Corp.
1979 Marcus Avenue, Suite 210
New Hyde Park, NY 11042

Aviva Francis, Esq.
Evan M. Newman, Esq.
JACOBOWITZ NEWMAN TVERSKY LLP
*Attorneys for La Maison De JY L.P.*
377 Pearsall Avenue, Suite C
Cedarhurst, NY 11516

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X

In re:                                                                                  Ch.11

                                                                                                             Case No.: 1-23-40781

86-55 GRAND REALTY INC.,


               Debtor.

-------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF THE MOTION**
**TO VACATE AUTOMATIC STAY OR IN THE ALTERNATIVE DISMISSAL**

     Aviva Francis, an attorney admitted to practice before this Court, under penalty of perjury, affirms:

     1.    That I am a partner with the firm Jacobowitz Newman Tversky LLP and I make this affirmation in support of the motion of La Maison De JY L.P. ("Movant" or "Lender") for an order (i) pursuant to 11 U.S.C. § 362(d) annulling the automatic stay; or in the alternative (ii) to dismiss the case with prejudice for bad faith filing and (iii) for such other relief the Court deems just and proper.

**JURISDICTION**

     2.    This motion for relief from the automatic stay is a contested matter brought pursuant to § 362(d) the United States Bankruptcy Code, 11 U.S.C. §§ 101 et. seq. (the

"Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 4001, 9013 and 9014 (the "Fed. R. Bankr. Pro."), of which this Court has jurisdiction pursuant to 28 U.S.C. § 1334 and is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## PRELIMINARY STATEMENT

3. The Chapter 11 case was filed by 86-55 GRAND REALTY INC. ("Debtor") immediately upon the state court granting the Lender's motion for judgment of foreclosure and sale.

4. The facts are taken from the affirmation of Alexander Hofstedter submitted in the Foreclosure Action defined below, which is annexed hereto with exhibits.

5. The Lender commenced a foreclosure action in 2020 relating to the property known as 84-16/18 Queens Blvd, Elmhurst, New York 11373 (Block 2477, Lot 23) (the "Property"). *See* Exhibit #1 for the Verified Complaint and Exhibits in the foreclosure action, which contains the Mortgage and Note as Exhibit B (the "Foreclosure Action").

6. After a contested foreclosure action, the Court granted the Plaintiff its motion for judgment of foreclosure and sale and directed the Lender to submit a judgment. *See* Exhibit #2.

7. The Referee in the foreclosure action computed $4,625,375.40 as the amount due to the Lender as of October 24, 2022, and said amount was confirmed by the Court.

8. Immediately thereafter, the Debtor filed this petition.

9. Although the Debtor values the Property at $11,000,000, the Debtor has no income, as the Property is a vacant piece of land.

10. Specifically, the Property is amid construction and is currently in dispute with its neighbor property owned by the City that operates a fire department. Moreover, some contractors have placed liens on the Property and personal injury lawsuits relating to injuries surrounding or

on the Property. These alleged unsecured claims total over $27 million. *See* Debtor's Schedules at E/F.

11. There has also been no indication of how the Property, which is amid a contested construction, is properly being secured as there is no person or general contractor that has claimed to be securing the Property.

12. The Debtor has failed to make payments to the Lender for years and declares no income in order to make any post-petition payments to the Lender and any payments toward real estate taxes. *See* Exhibit # 3 for the outstanding real estate taxes.

13. Finally, the Property is subject to numerous violations. *See* Exhibit #4.

History of the Loan

14. Annexed hereto is the affirmation of Alexander Hofstedter made part of the Lender's motion for summary judgment in the Lender's foreclosure action.

15. Based upon my examination of the books and records of JY, which include the business records of its assignors, for good and valuable consideration, on June 27, 2019, Ponce Bank provided a loan to the Borrower in the principal amount of $3,500,000.00 (the "Loan"). At the time the Borrower received the full amount of the Loan.

16. For good and valuable consideration, the Borrower made, executed, and delivered to Ponce Bank a note in the principal amount of $3,500,000.00 (the "Note") dated June 27, 2019.

17. To secure the payment of the sum represented by the Note, the Borrower made, executed, and delivered to Ponce Bank a mortgage dated June 27, 2019, in the principal amount of $3,500,000.00 dated June 27, 2019 (the "Mortgage"). The Mortgage was recorded in the Office of the City Register of Queens County on July 10, 2019, in CRFN2019000217416, upon which the mortgage tax was paid. *See* Exhibit B of Exhibit #1 for the Mortgage and Note.

18. To further secure the Note and Mortgage, the Borrower executed an assignment of rents in favor of the Lender on June 27, 2019. *See* Exhibit C of Exhibit #1.

19. To further secure the Mortgage and Note, the Guarantors executed a personal guarantee securing the amounts due under the loan. *See* Exhibit D of Exhibit #1.

20. By Assignment of Mortgage, Assignment of Assignment of Leases and Rents, and Assignment of Loan Documents, dated August 13, 2021, and physical delivery of the original Loan Documents, including an original allonge payable to JY firmly affixed to the original Note, Ponce Bank assigned to JY all of its rights title and interest in the Mortgage, Note, Assignment of Lease ad Rents, Guaranty, and related loan documents. The Assignment of Mortgage and Assignment of Leases and Rents ("Assignment Documents") were recorded on August 24, 2021, in CRFN20210003337658 and CRFN20210003337658. A copy of the assignments is attached hereto as Exhibit E of Exhibit #1.

21. JY is the current holder and owner of the Loan Documents and is currently in possession of all original Loan Documents.

22. The Borrower defaulted on the obligations under the Loan Documents, *inter alia*, by (1) failing to make the payments due on July 1, 2021, the maturity date, and (2) allowing multiple mechanic's liens and UCCs to be filed against the Property.

23. As a result, a foreclosure proceeding was commenced in the Supreme Court of the State of New York, County of Queens, Index Number 719561/2021 (the "Foreclosure Action"). *See* Exhibit #1 for the Foreclosure Action Complaint.

24. The Referee in the foreclosure action computed the amount due to the Lender as of October 24, 2022, as $4,625,375.40, and said amount was confirmed by the Court. *See* Exhibit #2.

25. In addition, the real estate taxes have not been paid in years and the amounts due are over $165,000.00. *See* Exhibit #3.

26. Accordingly, it is crucial that the Lender be able to sell this property at a foreclosure sale to wipe out the unsecured debt and have the real estate taxes paid, the Lender paid and any surplus monies will go to the subordinate debt.

## RELIEF SOUGHT

### I. THE STAY SHOULD BE LIFTED

#### A. The Lack Of Protection Warrants That The Stay Be Lifted

27. Bankruptcy Code § 362(d)(1) provides that the Court "shall grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

28. As conceded by the Debtor in the schedules and as set forth in the Lender's proof of claim, the Lender's aggregate debt is debt as of the petition date was over $3,500,000, which is the Judgment with the accrual of interest through the filing date.

29. In addition, there are outstanding real estate taxes in the amount of approximately $165,000. *See* Exhibit #3 for the tax bill and Exhibit #4 for the numerous violations.

30. Cause exists to grant Lender relief from the stay because Debtor is failing to secure the Property and make post-petition payments to the Lender. *See In re Everton Aloysius Sterling*, 543 B.R. 385, 393 (Bankr. S.D.N.Y. 2015); *Boissard v. Specialized Loan Servicing, LLC*, 2020 U.S. Dist. LEXIS 255490, *15 (E.D.N.Y. 2020).

31. Under Bankruptcy Code § 361, a debtor can adequately protect a secured creditor's interest against diminution in value if the debtor makes periodic cash payments, provides an

additional or replacement lien, or grants relief constituting the realization by the secured creditor of the indubitable equivalent of its interest in property. 11 U.S.C. § 361(1), (2) and (3).

32. The debtor has the burden of demonstrating adequate protection. 11 U.S.C. §§ 362(g)(2) and 363(p)(1); *In re Swedeland Development Group, Inc*., 16 F.3d 552, 564 (3d Cir. 1994). In this case, the Debtor has no income to pay the Lender.

### B. The Failure to File A Plan and/or Pay Post-Petition Payments Warrants the Stay to Be Lifted

33. With respect to a single asset real estate debtor, the court shall grant stay relief unless a debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or commenced monthly payments in an amount equal to interest at the then applicable contract rate of interest on the value of the creditor's interest in the real estate. 11 U.S.C.S. § 362(d)(3). *In re 5th St. Parking LLC*, 2020 Bankr. LEXIS 191, *1 (S.D.N.Y. Bankr. 2020).

34. Here, there is no dispute that this is a single asset real estate as the Property is the Debtor's only asset and contains less than four residential units.

35. Accordingly, the failure to file a plan or make payments to the Lender warrants the stay to be lifted under § 362(d)(3).

### C. There is also Sufficient Cause to Lift the Stay Under *Sonnax*

36. The Second Circuit has further considered twelve different factors, as laid out in *In re Sonnax Industries, Inc*., 907 F.2d 1280, 1285 (2nd Cir. 1990), when determining whether the stay should be lifted in order to permit litigation to continue in another forum:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the Bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility

for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

*In re Sonnax*, 907 F.2d at 1286. It is recognized that "[n]ot every one of these factors will be relevant in every case." *In re Bogdanovich*, 292 F.3d 104, 110 (2nd Cir. 2002).

37. Here, consideration of the relevant *Sonnax* factors (in number order) militates in favor of granting relief from the stay:

1) Relief in the Foreclosure Actions commenced by the Lender would result in a complete resolution of the issues concerning the defaults and obligations of the Debtor to Movants;

2) Not applicable;

3) Not applicable;

4) The State Court is a specialized tribunal with the necessary expertise to hear a foreclosure action. The New York Supreme Court is a court of general and unlimited jurisdiction empowered and experienced to hear and decide foreclosure matters;

5) Not applicable;

6) The State Action does not primarily involve third parties;

7) The Debtor's other creditors, to the extent there are any, will not be prejudiced by the Foreclosure Action proceeding in another forum. To the extent that any other creditors exist that are necessary parties to the State Action, their rights will be adjudicated in that action;

8) No claim has been asserted that the sought after Judgment arising from the Foreclosure Action is subject to equitable subordination;

9) The Judgment to be rendered (or already rendered) in the Foreclosure

Action is not any more avoidable than the Mortgage that Movants presently hold on the Properties. The Judgment will not improve the priority of Movants' interest in and to the Properties;

10) There is no question that the Foreclosure Action must continue in the interests of all parties concerned, particularly the Lender, who is entitled to enforce a Judgment as a result of the Debtor's uncured defaults. There is no pending action before this Court that would or could resolve this matter;

11) Not applicable; and

12) Any stay of the Foreclosure Actions commenced by the Lender will adversely affect Movant and its interests due to the lack of equity in the real property. As stated herein, the Debtor has continuously failed to pay real estate taxes and charges on the Property, and as interest accrues there is no chance of the Debtor retaining any equity.

38. Lender submits that cause exists to grant the Lender relief from the stay under Section 362(d)(1).

39. Prior to filing, the Lender was granted a final judgment of foreclosure on the Property, so the Debtor cannot dispute the validity of the Lender's liens on the Property. This Debtor has not fulfilled any of its obligations as a Chapter 11 debtor and does not appear to be able to reorganize, especially in light of the fact that the assets are less than the Debt.

## II. IN THE ALTERNATIVE THE BANKRUPTCY SHOULD BE DISMISSED WITH PREJUDICE OR CONVERTED TO A CHAPTER 7

40. In the alternative, if the Court does not vacate the stay in favor of the Lender, the case should be dismissed under 11 U.S.C.S. § 1112(b). The filing of a bankruptcy petition in bad faith is grounds for dismissal.

41. Section 1112(b)(1) of the Bankruptcy Code states that the Court may dismiss a bankruptcy case for cause:

> (b) (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under

> this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

42. The case should be dismissed or converted to a Chapter 7 as the Debtor is failing to proceed with this proceedings.

43. The Debtor has still failed to file a plan or take any steps towards organizing itself to pay its debt, which itself warrants dismissal. *See In re 250 Pixley Rd., LLC*, 2018 Bankr. LEXIS 765 (Bankr. W.D.N.Y. Mar. 16, 2018) (holding that cause existed to dismiss Chapter 11 debtor's case because it failed to confirm the plan within the time fixed by statute or within the time fixed by court's order extending time to confirm plan).

44. In light of the disrepair of the Property the lack of movement in this bankruptcy warrants dismissal.

### III. REQUEST FOR WAIVER OF RULE 4001 STAY

45. Waiver of the stay invoked pursuant to Bankruptcy Rule 4001(a)(3) is sought so that Movant and its successors and/or assigns can immediately proceed with the foreclosure action. The foreclosure has been significantly delayed. No further delay is warranted.

46. The Lender submits that the foregoing constitutes cause for vacating the stay as to the Lender relating to the Property.

**WHEREFORE**, it is respectfully requested that this Court dismiss this action, convert it to Chapter 7, or in the alternative, vacate the automatic stay, to permit the Lender to sell the Property at a foreclosure proceeding against the Debtor together with such other and further relief as is just and proper.

Dated: Cedarhurst, New York
      July 17, 2023

**JACOBOWITZ NEWMAN TVERSKY LLP**
*Attorneys for Creditor La Maison De JY L.P.*

By: _____/s/_____
    Evan M. Newman
    Aviva Francis
377 Pearsall Avenue, Suite C
Cedarhurst, New York 11516
(516) 545-0343